IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-98-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RYAN ROBERT AUGHENBAUGH, | ) | |
| Defendant. | ) | |

On May 22, 2020, Ryan Robert Aughenbaugh ("Aughenbaugh" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum in support [D.E. 87, 90]. On September 30, 2020, the United States responded in opposition [D.E. 92]. As explained below, the court denies Aughenbaugh's motion.

I.

On September 12, 2016, pursuant to a written plea agreement, Aughenbaugh pleaded guilty to bank fraud. See [D.E. 58]. On December 14, 2016, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 63, 66, 68]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Aughenbaugh's total offense level to be 9, his criminal history category to be VI, and his advisory guideline range to be 21 to 27 months' imprisonment. See [D.E. 68]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Aughenbaugh to 24 months' imprisonment. See [D.E. 67] 2. Aughenbaugh did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Aughenbaugh's request for compassionate release, Aughenbaugh has exhausted his administrative requirements. Specifically, on May 26, 2020, Aughenbaugh submitted a request for compassionate release to the BOP. See [D.E. 90-4] 1. On June 24, 2020, the BOP denied Aughenbaugh's request. See id. at 2. As such, and as the government concedes, Aughenbaugh has satisfied the requirements of 18 U.S.C. § 3582(c)(1)(A). See [D.E. 90] 3; [D.E. 92] 4.

Aughenbaugh seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Aughenbaugh cites the COVID-19 pandemic, injuries to his liver and lungs from an assault that required blood transfusions and a ventilator, and mental illnesses, including Attention Deficit/Hyperactivity Disorder, Mood Disorder, Depression, Anxiety, Provisional Disturbance of Emotion/Conduct, and Personality Disorder/Psychosocial/Relational Problems with Peer Focus. See [D.E. 90] 1–2, 5–9. Aughenbaugh also cites his rehabilitation efforts and release plan. See id. at 6–8.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Aughenbaugh states that he suffered liver and lung injuries and suffers from mental illnesses, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Aughenbaugh serves his sentence. Accordingly, reducing Aughenbaugh's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Aughenbaugh's physical and mental health conditions, rehabilitation efforts,

5

and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Aughenbaugh's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Aughenbaugh is 27 years old and engaged in very serious criminal behavior during January and February 2015. See PSR [D.E. 63] ¶¶ 6–9. Aughenbaugh's offense conduct included opening fraudulent bank accounts and cashing fraudulent checks. See id. Aughenbaugh generated an intended loss of $77,733.02. See id. Aughenbaugh is also a recidivist's recidivist with numerous convictions, including for possession of a fortified wine, liquor, or malt beverage under age 21, possession of drug paraphernalia, harassing phone call, inhaling toxic vapors, larceny (eight counts), second degree trespassing, breaking into a coin or currency machine, breaking and entering (two counts), forgery of an instrument, injury to personal property, carrying a concealed weapon, consuming alcohol by a person age 19 or 20, breaking or entering a motor vehicle (eight counts), assault on a government official or employee, simple assault, possession of a firearm by a felon, and larceny after breaking and entering. See id. ¶¶ 14–30. Aughenbaugh also has performed poorly on supervision. See id. ¶¶ 14–15, 17–20, 22, 24, 26–28. Although Aughenbaugh has taken some positive steps while incarcerated, he has been sanctioned for serious misconduct, including three assaults, three instances of fighting, and destruction of property. See [D.E. 90] 7; [D.E. 92-3] 1–2. The court also has considered Aughenbaugh's potential exposure to COVID-19, his physical and mental health conditions, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81

6

(2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Aughenbaugh, the section 3553(a) factors, Aughenbaugh's arguments, the government's persuasive response, and the need to punish Aughenbaugh for his criminal behavior, to incapacitate Aughenbaugh, to promote respect for the law, to deter others, and to protect society, the court declines to grant Aughenbaugh's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Aughenbaugh's request for home confinement, Aughenbaugh apparently seeks relief under the CARES Act. See [D.E. 87] 1; [D.E. 90] 8–9. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Aughenbaugh's request for home confinement.

II.

In sum, the court DENIES Aughenbaugh's motion for compassionate release [D.E. 87] and DISMISSES his request for home confinement.

SO ORDERED. This 12 day of January 2021.

JAMES C. DEVER III
United States District Judge

7